UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL WARD, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-340-JD-MGG |
| INDIANA STATE PRISON, | |
| Defendant. | |

OPINION AND ORDER

Michael Ward, a prisoner without a lawyer, filed a complaint alleging that officials at the Indiana State Prison are failing to protect him. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Ward is currently housed within the Indiana Department of Correction (IDOC) at the Indiana State Prison (ISP). He alleges that on February 21, 2018, he informed an ISP officer that he was in danger. He was told to fill out paperwork requesting protective custody, and, as a result, he was taken from F Dorm to A Cell House and placed in a locked cell. However, twenty-four hours later, his cell was unlocked without

resolution of his protective custody request, so he was "forced to catch a write-up" to stay safe. On April 2, 2018, Ward spoke to Ms. Hale, a counselor at ISP, about his safety concerns, and she advised him to fill out another protective custody request form. His request was denied because no beds were available, but it was noted that he was "currently in secure housing unit where all offenders are escorted and cuffed." ECF 1-1 at 5 (Report of Classification Hearing). On September 13, 2018, Ward filled out another request for protective custody because he was worried that an offender named "Little Johnny" (last name believed to be Morris) had put a price on his head.

Ward remained in self lock-up until December 19, 2018, when he was informed that he would be returning to the general population. On December 21, 2018, Ward discovered that his new placement was going to be "right on top" of Little Johnny, the offender who had threatened to kill him, so he made the decision to act suicidal so that he would be placed on suicide watch. He was on suicide watch for five weeks until he "could no longer stand it anymore so [he] once again had to catch another write-up to stay safe."

In early March of 2019, Ward spoke with the Parole Board and informed them that he was in danger and had been purposefully committing infractions in order to remain in secure custody. The Parole Board promised to talk to the Warden about a possible transfer out of ISP. On March 10, 2019, Ward filled out another request for protective custody. It was denied on March 13, 2019, because the threat could not be verified, but it was noted that Ward was "held in a secure shelter where all offenders are cuffed and escorted by custody staff." ECF 1-1 at 11 (Report of Classification

2

Hearing); *see also* ECF 1-1 at 1–3 (Request for Interviews noting that Ward cannot be transferred to another prison until his segregation time is complete). Ward recently filed a letter with the court stating that "now my life has been threatened," explaining that he is afraid to take a shower due to the threats related to Little Johnny and his associates. ECF 5. Although Ward has not alleged that he has been injured by any offender as a result of these threats, he does allege that he will "never be safe" at ISP. He asks to be moved to another prison and requests monetary damages.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners." *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) (citing *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001)). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). The Seventh Circuit has noted that:

> a generalized risk of violence is not enough, for prisons are inherently dangerous places. Instead, [the plaintiff] must allege a tangible threat to his safety or well-being. Such a threat must reflect that he is subject to a substantial risk of future harm. A substantial risk of serious harm is one in which the risk is so great that it is almost certain to materialize if nothing is done. The conditions presenting the risk must be sure or very likely to cause . . . needless suffering, and give rise to sufficiently imminent dangers.

3

*Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (internal citations, quotations, and brackets omitted).

Here, Ward has alleged that he is at substantial risk of a serious attack from a specific source, namely Little Johnny. He has repeatedly raised his safety concerns with prison officials, but they have denied him protective custody. Although he has been kept secure since February of 2018 when the threats began, Ward alleges that this is largely due to his own actions—i.e. "catching write-ups"—rather than any preemptive measures taken by prison officials in response to his concerns. Giving Ward the benefit of the inferences to which he is entitled at this stage, he has stated a claim for injunctive relief related to the threats made by Little Johnny. *See Farmer*, 511 U.S. at 845 (an inmate may seek injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm). Ward has named only the "Indiana State Prison/IDOC" as defendants, neither of which are suable entities in this case,[1] but the court will liberally construe his complaint as bringing this claim against the Warden of the ISP, who has both the authority and the responsibility to ensure that Ward receives the protective measures to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Moreover, because Ward's recent letter (ECF 5) suggests that the threats may have intensified and it is no longer clear whether he

---

[1] The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). This jurisdictional bar extends to state agencies such as the IDOC. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). Furthermore, although the ISP is where these events occurred, the prison is a building, not a person or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Ward may not proceed against IDOC or the ISP.

4

remains in secure custody at this time, the Warden will be ordered to promptly respond to Ward's allegations by filing an affidavit or declaration with the court explaining how Ward is currently being housed to ensure his safety.

That said, the specific injunctive relief Ward requests—namely, transfer to another facility—may not be ordered even if it is ultimately determined that he is being subjected to a substantial risk of serious harm. It is true that the Warden has a constitutional obligation to protect Ward; however, there may be multiple methods of ensuring his safety, and Ward cannot dictate how such protection is provided. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (The Prison Litigation Reform Act mandates that "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right.") (internal quotation marks, brackets, and citations omitted)); *see also Dale*, 548 F.3d at 570 ("Prison officials do not violate the Eight Amendment because the mode of protection they offer does not sit well with a prisoner. Rather, if they offer reasonable protection from the threat, they have done their duty."). Therefore, injunctive relief—if granted—would be limited to requiring the Warden to provide Ward with adequate protection as required by the Constitution.

Finally, Ward also requests monetary damages. However, he has alleged neither physical injury nor officially-sanctioned extreme mental harm as a result of the deliberate indifference of prison officials, so this claim will be dismissed. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) (claims for monetary damages cannot

generally be predicated on fear of an attack that never materializes); *see also Age v. O'Brien*, 2000 WL 307396, *2 (7th Cir. Mar. 23, 2000) ("Though [the plaintiff] may fear an assault by the Mexican Mafia or others, a successful claim for damages under the Eighth Amendment requires proof of obvious physical injury or of extreme and officially-sanctioned psychological harm, neither of which is present here.").

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of the Indiana State Prison as a defendant;

(2) GRANTS Michael Ward leave to proceed against the Warden of the Indiana State Prison in his official capacity on an injunctive relief claim to provide adequate protection from "Little Johnny" or his associates, as required by the Eighth Amendment;

(3) DISMISSES all other claims pursuant to 28 U.S.C. § 1915A;

(4) DISMISSES the Indiana State Prison and the Indiana Department of Correction pursuant to 28 U.S.C. § 1915A;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Warden of the Indiana State Prison with a copy of this order, the complaint (ECF 1), and the letter filed by Michael Ward (ECF 5) as required by 28 U.S.C. § 1915(d);

(7) ORDERS the Warden of the Indiana State Prison to file an affidavit or declaration with the court by **August 1, 2019**, explaining how Michael Ward is being housed in order to comply with the Eighth Amendment's requirements; and

(8) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), that the Warden of the Indiana State Prison respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 25, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT