UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL WARD,

    Plaintiff,

  v.             CAUSE NO. 3:19-CV-340 DRL-MGG

WARDEN,

    Defendant.

OPINION AND ORDER

  Mr. Michael Ward, a prisoner without a lawyer, was granted leave to proceed against the Indiana State Prison Warden in his official capacity for injunctive relief to provide him adequate protection from "Little Johnny" Moore and his associates under the Eighth Amendment. ECF 7. The Warden was ordered to respond to Mr. Ward's allegations by filing an affidavit explaining how Mr. Ward was being housed to ensure his safety. *Id.* The same day the Warden filed his affidavit—which confirmed that Mr. Ward is being housed in D-cell, a restrictive housing unit with various security measures in place—Mr. Ward wrote a letter to the court alleging that he was in danger despite his current housing placement. ECF 10, 13. The court directed that a copy of Mr. Ward's letter be sent to the Warden but noted that Mr. Ward's vague allegations did not add to the substance of his underlying claim. ECF 18.

  Mr. Ward has now responded directly to the Warden's affidavit. ECF 17. He again alleges that the Warden has done "nothing to try to keep [him] safe," and he reasserts that he is in danger. *Id.* at 1–2. He claims that some inmates from the general population work in the restrictive housing units. ECF 17-1 at 9. He claims that those workers can walk around D-cell without restraints and that a "known gang member" brings him his food. ECF 17 at 2. He also alleges that other inmates housed in D-cell have been stabbed or "burned up" in the past eighteen months because offenders are able

to slip out of their restraints while being moved. ECF 17-1 at 9. And, he points out that he has notified prison officials of his fears on various occasions via informal requests, protective custody requests, grievances, and classification appeals. *Id.* at 1, 9, 19.

While ostensibly more detailed, Mr. Ward's response to the Warden's affidavit essentially rehashes prior allegations and those addressed. It remains undisputed that Mr. Ward is being housed in restrictive custody with various safety measures in place. It also remains undisputed that Mr. Ward and Mr. Moore will be kept separated during the pendency of the Warden's newly launched internal investigation. Importantly, Mr. Ward admits that he met with personnel from internal investigations on August 5, 2019, and he was asked to provide them with additional information about his concerns. *See* ECF 17-1 at 2. According to Mr. Ward, the internal investigations team is aware that Mr. Moore has allegedly placed a price on his head. *Id.*

Although Mr. Ward maintains that the safety measures described in the Warden's affidavit are not foolproof and that he has been threatened by unnamed gang members associated with Mr. Moore since being placed in D-cell, he has not identified any additional specific, tangible threats that would serve to expand the scope of this lawsuit or change its procedural posture at this point. *See generally Wilson v. Ryker*, 451 Fed. Appx. 588, 589–90 (7th Cir. 2011); *see also Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004) ("Inmates get [imprisoned] by violent acts, and many prisoners have a propensity to commit more. . . . All that can be expected is that guards act responsibly under the circumstances that confront them."). As acknowledged by Mr. Ward, his allegations are in the process of being addressed by the Warden's internal investigation, and he will be held in restrictive custody until that investigation is complete.

Finally, although it is clear that what Mr. Ward seeks is a transfer out of the Indiana State Prison, he is reminded that he is not entitled to dictate how the Warden's constitutional obligation to protect him is carried out. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Prison officials are

2

"accorded wide-ranging deference" with regard to prison administration, including issues related to "prophylactic or preventive" security measures. *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (citation omitted). Thus, in the event permanent injunctive relief is ultimately granted in this case, it would likely be limited in scope.

As it stands, the case will proceed on the claim for injunctive relief described in the court's screening order. ECF 7. However, in an abundance of caution, the court will again direct that the Warden be sent a copy of this order and Mr. Ward's most recent filing so that reasonable and adequate measures are ensured for Mr. Ward's safety.

For these reasons, the court DIRECTS the clerk to send a copy of this order and the response filed by Mr. Michael Ward (ECF 17) to the Warden of the Indiana State Prison.

SO ORDERED.

August 23, 2019

*s/ Damon R. Leichty*
Judge, United States District Court