UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL WARD,

    Plaintiff,

    v.　　　　　　　　　　　　　　　CAUSE NO.: 3:19-CV-340-DRL-MGG

WARDEN,

    Defendant.

OPINION

Michael Ward, a prisoner without a lawyer, filed a motion for appointment of counsel. ECF 36. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654.

In his motion, Ward makes no mention of having made any attempt to obtain counsel on his own. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *see also Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010).

Accordingly, the motion will be denied with leave to refile after Ward has sent a copy of this court's screening order (ECF 7) to ten attorneys along with a letter requesting that they represent him. After waiting a reasonable length of time for responses, if he then asks the court to attempt to recruit a lawyer to represent him for free, he must list the attorneys he contacted and attach whatever responses he has received. In addition, he needs to explain why he believes this case is difficult and why he is not competent to litigate it himself. He not only needs to detail all of his education history, but he also needs to provide the court with information about his litigation experience as well. As it stands, Ward will continue to proceed with this case pro se.

For these reasons, the court:

(1) DENIES the motion for appointment of counsel (ECF 36);

(2) DIRECTS the clerk to send Michael Ward ten (10) copies of the screening order (ECF 7); and

(3) DIRECTS the clerk to send Michael Ward a copy of the docket sheet as requested in his motion.

SO ORDERED this March 16, 2020.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge